UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLEVERN GRANGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2342** |
| **STEVE RADER, WARDEN** | **SECTION "R"(4)** |

## ORDER AND REASONS

Before the Court are a **Motion to Supplement (Rec. Doc. Nos. 10)** and a **Motion to Supplement Appeal Judgment (Rec. Doc. No. 12)** filed by the *pro se* petitioner, Clevern Granger, seeking leave to file exhibits in support of his federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to include copies of documents and pleadings filed in the state courts prior to the filing of his federal petition.

Rule 11 of the Rules Governing Section 2254 Cases, permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (quoting Fed. R. Civ. P. 11); *see also* Fed. Rule Civ. P. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus.")  In addition, 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions." Therefore, the Court can utilize the parameters of Fed. R. Civ. P. 15 when considering motions to amend a habeas petition. *Mayle*, 545 U.S. at 655.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Id. This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5the Cir. 1998). However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.*

In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

A review of the pending motion and the proposed exhibits reveals that Granger seeks to supplement his petition with copies of state court pleadings that have already been provided by the as part of the production of the state court records. Granger presents no substantive argument in support of the claims in his petition. He instead seeks to merely submit exhibits, not a supplement or amendment to the petition itself.

Granger's supplemental exhibits are duplicitous and unnecessary.  The additional copies of state court record documents would be burdensome on the record should their filing be allowed. Granger is placed on notice that it is unnecessary and inappropriate for him to continue requesting leave to supplement the record with this type of exhibit.   Accordingly,

**IT IS ORDERED** that Granger's **Motion to Supplement (Rec. Doc. Nos. 10)** and a **Motion to Supplement Appeal Judgment (Rec. Doc. No. 12)** are **DENIED**.

New Orleans, Louisiana this  19th  day of December, 2012.

```
                                        _____
                                              KAREN WELLS ROBY
                                        UNITED STATES MAGISTRATE JUDGE
```