UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLEVERN GRANGER                                    CIVIL ACTION

VERSUS                                             NO: 12-2342

STEVE C. RADER, WARDEN                             SECTION: R(4)

### ORDER AND REASONS

Before the Court is Clevern Granger's petition for federal *habeas corpus* relief under Title 28, United States Code, Section 2254. The Magistrate Judge has recommended that Granger's petition be dismissed without prejudice for failure to exhaust state court remedies.[1] The Court, having reviewed de novo the petition, the record, the applicable law, the Magistrate's Report and Recommendation ("R&R"), and the petitioner's objections thereto, hereby approves the R&R and adopts it as its opinion.

Construing his *pro se* objection broadly, petitioner objects to the R&R on the following grounds: First, petitioner objects to the finding that his jurisdictional argument was not exhausted. He claims that the argument was properly briefed before the state appellate court, that it was permissible to raise the argument for the first time on appeal, and that it therefore was error for the state appellate court to consider the argument abandoned. Second, petitioner objects to the finding that his ineffective assistance claim was not exhausted, arguing that the state appellate court should have considered the claim rather than

---

[1]   R. Doc. 15.

deeming it abandoned, even if not properly briefed. Finally, petitioner argues that he should not be required to exhaust his claims of illegal prosecution and of prosecutorial and judicial bias, because the state court will not properly consider them.

The Court adheres to the finding of the magistrate judge that the petitioner was required to properly exhaust each of these claims and failed to do so. As the magistrate judge noted, the state appellate court considered as abandoned petitioner's jurisdictional and ineffective assistance arguments because of petitioner's failure to brief the issues in accordance with La. App. Rule 2-12.4.[2] The state court did not reject the jurisdictional arguments because they were raised for the first time on appeal, as the petitioner suggests. Further, petitioner has provided no support for his argument that the state court will refuse to entertain his illegal prosecution and prosecutorial and judicial bias claims.

Even if the petitioner's objections had merit, he still presents a mixed petition, as the magistrate also found that the petitioner had failed to exhaust the following claims: (1) that there was no probable cause for the complaint against him or for the police to enter the victim's residence, (2) that the state court wrongfully denied him relief from the errors in his prosecution, and (3) that he was denied due process and equal

---

[2] *State v. Granger*, 103 So.3d 576, 593 (La. Ct. App. 2012).

protection of the laws as a foreign national.[3] The magistrate judge correctly determined that a mixed petition should be dismissed without prejudice to allow for complete exhaustion, unless the petitioner amends his petition to dismiss or exclude the unexhausted claims and proceeds with only the exhausted claims.[4] Accordingly, Granger's petition is dismissed without prejudice.

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."[5] A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336

---

[3] R. Doc. 15 at 13-14.

[4] *Id.* at 16 (citing *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982))).

[5] Rules Governing Section 2254 Proceedings, Rule 11(a).

(2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner's application does not satisfy this standard. In order to succeed, petitioner would first have to show that jurists of reason would find it debatable whether this Court was correct in determining that petitioner failed to exhaust all state court remedies.  As the Magistrate's analysis demonstrates, petitioner cannot make such a showing.  Because petitioner fails to fulfill the first requirement, the Court need not address whether jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.

For the foregoing reasons, the Court DENIES Granger's petition for federal habeas corpus relief and DENIES the issuance of a certificate of appealability.

New Orleans, Louisiana, this __3rd__ day of October, 2013.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE